UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| BARRY CURTIS, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 2:05-cv-130-DBH |
| v. | ) ) | |
| RYDER TRUCK RENTAL, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER

NOW COMES the Defendant, Ryder Truck Rental, Inc. (hereinafter "Defendant" or "Company"), through its counsel Richard G. Moon, and answers the Complaint as follows:

1. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits that it does not have a specific policy regarding how long a male employee's hair can be and be employed by Defendant, but lacks information and knowledge sufficient to form a belief as to the truth of whether or not Plaintiff's hair was longer than the average's mans.

5. Defendant denies that Plaintiff was ever subjected to repeated sexual harassment on account of the length of his hair or that Ryder never took any steps to prevent any harassment. Defendant lacks information and knowledge sufficient to form a belief as to the truth of whether

or not Curtis was ever referred to as "David Cassidy" or "Ted Nugent" but denies that such statements are insulting.

6.      Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations concerning Mr. Kent in May of 2001 and therefore denies them. Defendant also denies that it ever permitted the creation of a hostile working environment toward Plaintiff or that Plaintiff was ever retaliated against for reporting hazardous conditions or that there was any confidentiality policy which Defendant violated with regard to Plaintiff's activities.  As to the allegation asserting any of Ryder's legal duties, such allegation sets forth a legal conclusion as to which no responsive pleading is required.

7.      Defendant admits that sometime in 2003 Plaintiff was asked over the telephone to request James Varney to wash a truck.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of whether or not Varney was in an agitated state or otherwise acting out of control or whether Plaintiff was concerned about Varney's status.  Defendant lacks information and knowledge sufficient to form a belief as to the truth of whether or not Varney did attempt to run Curtis over with a truck and therefore denies said allegation.

8.      Defendant admits that it did not fire Varney or report him to the police, but denies any suggestion that Defendant did not make a complete and thorough investigation of Varney's actions as alleged by Plaintiff.  Defendant further admits that it suspended Varney, but denies that a fellow employee of Curtis's "backed Curtis's account of what had happened".  Defendant also denies that it ever advised Curtis that he was lying or threatened him with termination. Defendant further denies that nothing else was done to discipline Varney, in that Varney was given a clear warning to the extent he had engaged in any improper conduct he was not to do it again.

9. Defendant lacks information and knowledge sufficient to form a belief as to the truth of whether in February of 2004 an employee named "Joe" grabbed Plaintiff's hair and threatened to cut it. Defendant denies that any such incident took place in front of General Manager Scott Marinian or that Scott Marinian laughed or made the alleged statement concerning harassment. Defendant denies that it gave "tacit approval to sexual harassment of one employee by another" and states that it has a clear policy prohibiting sexual harassment and an open door policy regarding complaints. At no time did Plaintiff complain of any such contact by any co-worker.

10. Defendant denies that it took any action with regard to Plaintiff that caused him "considerable embarrassment" or that violated his right to privacy. Defendant admits that the form for disciplinary action had the word "confidential" typed on it, but further states that the Progressive Discipline Form specifically says that it is not a contract for employment and furthermore Defendant denies so much of the allegations of paragraph 10 as are meant to assert that Defendant showed the Progressive Discipline Form to anyone. Defendant lacks information and knowledge sufficient to form a belief as to the truth of whether or not Roger Chase told Robert Taylor that Curtis had been "written up for [expletive]-up invoices," and further denies so much of the allegations as are meant to assert that Chase did not have a right or privilege to tell Taylor of the nature of Plaintiff's improper conduct. The remaining allegations set forth a legal conclusion to which no responsive pleading is due.

11. Defendant admits so much of the allegations contained in paragraph 11 of the Complaint as assert that Plaintiff was terminated on May 18, 2004, for improper actions regarding the control and recording of parts inventory, but denies so much of the allegations in paragraph 11 as are meant to assert that Defendant breached any obligation of privacy or

confidentiality to Plaintiff or that any actions by Defendant have affected Plaintiff's opportunity to obtain other employment. Defendant further denies that Ryder management said Curtis was fired for "cooking the books" or that the actions he was taking in the management of an inventory were actions he was told to take. Defendant denies it in any way breached any obligations owed to Plaintiff regarding his termination. Defendant denies that it "reported to other employees" Plaintiff's inventory errors.

## COUNT I

12. Defendant restates and realleges all of its answers to paragraphs 1 through 11 above as if set forth in full herein.

13. Defendant denies that it almost allowed James Varney to kill Plaintiff or that it gave Varney insufficient punishment or that it violated Plaintiff's right to earn a living without fear of attack. The remaining allegations contained in paragraph 13 set forth legal conclusions as to which no responsive pleading is due.

14. Defendant denies Plaintiff's allegations contained in paragraph 13.

## DEFENSES – COUNT I

1. Count I of the Complaint fails to state a claim upon which relief can be granted.

2. Count I of the Complaint is barred by the exclusive remedies of the Maine Workers' Compensation Act.

3. To the extent Count I sets forth a claim of sexual harassment, the exclusive remedy is under the Maine Human Rights Act or Title VII of the Civil Rights Act of 1964, as amended, and that no common law claim exists.

4. To the extent Count I sets forth a claim of defamation, all of the statements by Defendant were true.

5. Defendant had both a qualified privilege under common law and by statute to advise any co-worker as to the reasons why Plaintiff was disciplined or discharged.

6. At no time has Plaintiff sustained severe emotional distress.

7. Plaintiff waived his claim as asserted in Count I.

8. Plaintiff's claims asserted in Count I are barred by the applicable statute of limitations.

9. Plaintiff failed to use Defendant's complaint procedure to report any alleged harassment or accusations of unsafe workplace.

## COMPLAINT COUNT II

15. Defendant restates and realleges all of its answers to paragraphs 1 through 14 above as if set forth in full herein.

16. Defendant denies the allegations contained in paragraph 16.

17. To the extent paragraph 17 sets forth legal conclusions as to the meaning of certain state statutes, no responsive pleading is due. Defendant denies that any of its actions caused Plaintiff "great emotional distress and damaged his reputation in the work place".

## DEFENSES – COUNT II

1. Count II of the Complaint fails to state a claim upon which relief can be granted.

2. Count II of the Complaint is barred by the exclusive remedies of the Maine Workers' Compensation Act.

3. To the extent Count II sets forth a claim of sexual harassment, the exclusive remedy is under the Maine Human Rights Act or Title VII of the Civil Rights Act of 1964, as amended, and that no common law claim exists.

5

4. To the extent Count II sets forth a claim of defamation, all of the statements by Defendant were true.

5. Defendant had both a qualified privilege under common law and by statute to advise any co-worker as to the reasons why Plaintiff was disciplined or discharged.

6. At no time has Plaintiff sustained severe emotional distress.

7. Plaintiff waived his claim as asserted in Count II.

8. Plaintiff's claims asserted in Count II are barred by the applicable statute of limitations.

9. Plaintiff failed to use Defendant's complaint procedure to report any alleged harassment or accusations of unsafe workplace.

### COMPLAINT COUNT III

18. Defendant restates and realleges all of its answers to paragraphs 1 through 17 above as if set forth in full herein.

19. Defendant denies the allegations contained in paragraph 19, except so much of the allegations set forth legal conclusions, as to which no responsive pleading is due.

20. Defendant denies that it was aware that Plaintiff ever complained of alleged sexual harassment or touching in a sexual manner or that Defendant has ever condoned sexual harassment against Curtis or a violation of Curtis's rights. The remaining allegations in paragraph 20 attempt to set forth legal conclusions as to which no responsive pleading is due.

### DEFENSES – COUNT III

1. Count III of the Complaint fails to state a claim upon which relief can be granted.

2. Count III of the Complaint is barred by the exclusive remedies of the Maine Workers' Compensation Act.

3. To the extent Count III sets forth a claim of sexual harassment, the exclusive remedy is under the Maine Human Rights Act or Title VII of the Civil Rights Act of 1964, as amended, and that no common law claim exists.

4. To the extent Count III sets forth a claim of defamation, all of the statements by Defendant were true.

5. Defendant had both a qualified privilege under common law and by statute to advise any co-worker as to the reasons why Plaintiff was disciplined or discharged.

6. At no time has Plaintiff sustained severe emotional distress.

7. Plaintiff waived his claim as asserted in Count III.

8. Plaintiff's claims asserted in Count III are barred by the applicable statute of limitations.

9. Plaintiff failed to use Defendant's complaint procedure to report any alleged harassment or accusations of unsafe workplace.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and that Defendant be awarded its reasonable attorney's fees and costs.

Dated: July 15, 2005
/s/ Richard G. Moon
Richard G. Moon, Esq.
MOON, MOSS & SHAPIRO, P.A.
Ten Free Street, P.O. Box 7250
Portland, ME 04112-7250
Telephone: (207) 775-6001
rmoon@moonmoss.com

Attorney for Defendant

Ryder Truck Rental, Inc.

Case 2:05-cv-00130-DBH   Document 4   Filed 07/15/05   Page 8 of 9   PageID #: 24

Ryder Truck Rental, Inc.

## CERTIFICATE OF SERVICE

I, Richard G. Moon, attorney for Defendant Ryder Truck Rental, Inc., hereby certify that I electronically filed Defendant's Answer and Counterclaim with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Randy L. Robinson, Esq.
The Robinson Law Firm
P.O. Box 8013
Portland, ME  04104-8013
Email:  jurdoc35@yahoo.com

Dated:  July 15, 2005

/s/ Richard G. Moon
Richard G. Moon, Esq.
MOON, MOSS & SHAPIRO, P.A.
Ten Free Street, P.O. Box 7250
Portland, ME 04112-7250
(207) 775-6001
rmoon@moonmoss.com

Attorney for Defendant
Ryder Truck Rental, Inc.